In the Matter of STEVEN C. KURTZ, an Attorney, Respondent. JOINT BAR ASSOCIATION GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 20, 1978

## APPEARANCES OF COUNSEL

*Robert Roberto, Jr. (John F. McHale, Jr.,* of counsel), for petitioner.

*Townsend Rabinowitz Pantaleoni & Valente (Francis L. Valente, Jr.,* of counsel), for respondent.

## OPINION OF THE COURT

*Per Curiam.*

The respondent was admitted to practice by this court on March 16, 1966. He was charged with six allegations of professional misconduct generally stated as follows:

(1) Conviction of the misdemeanor of attempted grand larceny in the third degree; (2) neglecting a client's action for the recovery of a security deposit and other damages; (3) improperly withholding an escrow deposit; (4) failing to co-operate with the Suffolk County Bar Association Grievance Committee and petitioner in their respective investigations of the facts which formed the basis of the third charge; (5) neglecting a client's breach of contract action; and (6) failing to co-operate with petitioner in its investigation of the facts which form the basis of the fifth charge. Respondent admitted the truth of the first, fourth and sixth charges.

The Referee sustained the first, fourth and sixth charges. He dismissed the fifth charge because of a witness' failure to appear and testify. He found insufficient evidence to sustain the second and third charges.

*Petitioner moved to confirm the report as to the first, third,* fourth, fifth and sixth charges, and to disaffirm the Referee's findings as to the second charge. Respondent cross-moved to (1) disaffirm the finding (a) that the underlying facts involved in the first charge showed an engagement in illegal conduct involving moral turpitude and (b) that the mitigating factors offered in explanation of the fourth and sixth charges were not sufficient to excuse his conduct and (2) confirm the report with respect to the second and third charges.

After reviewing all the evidence we are in agreement with the Referee's findings as to the first, third, fourth, fifth and sixth charges, and we disagree with the finding that the second charge was not sustained. We find that respondent is guilty of the misconduct alleged in the first, second, fourth and sixth charges. Accordingly, the petitioner's motion is granted and the cross motion is granted in part and denied in part in accordance with the foregoing.

In determining an appropriate measure of discipline we are mindful of the mitigating circumstances, including respondent's health-related problems and the fact that no monetary loss was occasioned by a client. We also take cognizance of respondent's excellent reputation as presented by his charac-

ter witnesses. Accordingly, it is our opinion that respondent should be, and he hereby is, censured for his misconduct.

MOLLEN P. J., HOPKINS, MARTUSCELLO, LATHAM and DAMIANI, JJ., concur.